IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY I. TAYLOR,                                                                              PLAINTIFF

v.                         Civil No. 6:23-CV-06126-SOH-CDC

SHERIFF MIKE McCORMICK, Garland County, Arkansas; and
CHIEF DEPUTY STEVEN ELROD
                                                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Wesley I. Taylor, a pretrial inmate at the Garland County Detention Center, ("GCDC"), in Hot Springs, Arkansas, filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 5). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a cognizable § 1983 claim. *See* 28 U.S.C. § 1915A(b)(1).

**BACKGROUND**

Plaintiff says that he appeared in state court for a "plea and arraignment" on August 15,

2023. (ECF No. 1). As the Court understands it, Plaintiff was under the impression that he was appearing on three charges, but at the court hearing state trial court Judge Kara Petro informed him that he was also being charged with domestic battery and failure to appear. *Id.* Plaintiff says that he is being held in custody on these charges in error. *Id.* According to Plaintiff, he filed a grievance about this issue but no one, including Defendant Chief Deputy Elrod, investigated it. *Id.* Plaintiff claims that his unlawful detention has caused him to suffer emotional, physical, and mental distress, especially considering that he is not able to help his mother, who has been diagnosed with cancer, and he missed his children's first day of school. *Id.* Plaintiff requests immediate release and money damages. *Id.* He also requests appointment of counsel. *Id.*

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to

support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

The root of Plaintiff's Complaint is that his current detention is unlawful. This is not a cognizable § 1983 claim. A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This legal principle applies in equal force to pretrial detainees, such as Plaintiff.

Here, Plaintiff makes no claims regarding the *conditions* of his pretrial confinement. Rather, his complaint is solely with the fact that he continues to be confined, a confinement he alleges is unlawful. In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Although Plaintiff is a pretrial detainee, and not in custody pursuant to a state court judgment, this does not change the fact that the proper vehicle for challenging his confinement in federal court is through a habeas petition. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well-established that federal district courts can entertain pretrial habeas petitions in which the petition asserts an impending state trial violates the Double Jeopardy Clause."); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

Although Plaintiff is *also* requesting money damages, this does not change the Court's recommendation. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477. Thus, pursuant to *Heck*, a claim for damages for an allegedly unlawful pretrial detention does not arise until (or unless) the detainee has successfully challenged that detention through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). Because Plaintiff's sole claim concerns the fact of his detention and that detention has not been determined to be unlawful through some other mechanism, Plaintiff's Complaint should be dismissed. To the extent that Plaintiff also requests appointment of counsel, that request should therefore be denied as moot.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a cognizable § 1983 claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 19th day of December 2023.

                                              *Christy Comstock*
                                              CHRISTY COMSTOCK
                                              U.S. MAGISTRATE JUDGE